**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

June 21, 2022

By ECF

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

**Re:** *United States v. Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Judge Woods:

By this letter we respectfully move the Court to admit at trial certain evidence concerning one of Melzer's alleged coconspirators, "CC-1." The Court should admit evidence that, at the time Melzer communicated with him online, CC-1 was a 15-year-old child—not a former Canadian paratrooper who had been injured during combat in Iraq, as he falsely claimed in his online chats with Melzer.

**A.     Background**

This Court is now well familiar with the allegations in this case. In sum, Melzer is charged with conspiring to murder members of his Army unit through online chats in the messaging application Telegram. The government alleges that Melzer's main coconspirator was fellow chat participant CC-1 (aka Sinistrous/GvlagKvlt), a person who claimed in the chats to be a former Canadian paratrooper ("I was CAF, R22R 3rd battalion jump company") who had been injured during combat in Iraq ("I got shot up falling from a plane in iraq kek"). GX 281 (excerpt of Telegram chat between GvlagKvlt and Melzer) (attached as Ex. A).

In a September 17, 2020 disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the government informed the defense:

> The Government believes that co-conspirator "Sinistrous," who is identified as CC-1 in the complaint, and described in, among other disclosed materials,

Hon. Gregory H. Woods                                             June 21, 2022
United States District Judge                                      Page 2 of 6

Re:   United States v. Ethan Melzer
      S1 20 Cr. 314 (GHW)

      Bates ranges USAO_004596-005495, is ▮▮▮▮▮▮▮▮, a 15-year-old Canadian national residing in Canada. Further, as described and allegedly pictured in Bates numbers USAO_004878-004890 and USAO_005010-005019, ▮▮ claimed to have been arrested in January 2020. The Government believes that in connection with this arrest, he was detained in a mental health facility at a hospital.

See Gov't Letr. 9/17/20 at 2 (attached as Ex. B). The government then confirmed this information in its June 24, 2021 memorandum of law in opposition to Melzer's pretrial motions. See ECF No. 71 at 4 n.2 ("Based on our investigation to date, it appears that CC-1 is likely a minor based in Canada who was posing as a Canadian ex-paratrooper.").

      The defense subsequently requested additional *Brady* material concerning CC-1, including information about his prior arrest and mental health. At the May 4, 2022 conference in this matter, when discussing the defense's request, the Court asked the government if it agreed that such information constituted *Brady* material. The government responded as follows:

```
 3        MR. HELLMAN:  The government agrees that if there
 4   existed evidence in the government's possession that would tend
 5   to negate any element of the crime or that would otherwise
 6   consist of material information under the Brady standard, it
 7   would be required to disclose that.  If the government in this
 8   particular context is in possession of information that
 9   suggests that any of the CCs it has identified did not have the
10   requisite mens rea or state of mind, then the government does
11   agree that it would be required to disclose that information to
12   the defense.  The government has endeavored to collect all of
13   that information available to it and has continued working with
14   its law enforcement partners to identify any information
15   responsive to the defendant's request.
```

Hon. Gregory H. Woods  June 21, 2022
United States District Judge  Page 3 of 6

Re:  United States v. Ethan Melzer
     S1 20 Cr. 314 (GHW)

Tr. 5/4/22 at 112.

The Court indicated that it was inclined to agree with the government's assessment: "I appreciate that the government recognizes its obligations under *Brady*, which are sweeping and important. Obviously the government must comply with its obligations, and[] I agree with what I believe to be the parties' mutual understanding that information regarding the mens rea of alleged co-conspirators would fit within the scope of … *Brady* material. I expect it would be. I'm not ruling on that, but I appreciate that both parties seem to agree at least in that regard." *Id*. at 114.

Since that conference, the government has made certain additional disclosures related to CC-1. Though the disclosures are heavily redacted, and though the government still has not provided CC-1's arrest reports or information concerning his mental health,[1] these additional disclosures confirm that the government continues to believe that CC-1 is ███████, the then-15-year-old Canadian.

**B.  The Court should admit evidence that CC-1 was 15 years old to impeach his claims that he was a former Canadian paratrooper who had been injured in combat.**

The Court has previously ruled, upon the government's motion *in limine*, that CC-1's statements in the chats are admissible as coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). *See* Tr. 5/4/22 at 77–81; Gov't MIL at 48–53 (ECF No. 90).[2] When such statements are admitted at trial, Federal Rule of Evidence 806 allows the declarant's credibility to be attacked "by *any evidence* that

---

[1] We continue to request that the government provide these materials, including the sources of its information that CC-1 was 15 years old, immediately and sufficiently in advance of trial that we may make adequate use of them.

[2] The Court denied the government's concurrent request to admit CC-1's statements as statements against interest under Rule 804(b)(3).

3

Hon. Gregory H. Woods  June 21, 2022
United States District Judge  Page 4 of 6

Re:  United States v. Ethan Melzer
 S1 20 Cr. 314 (GHW)

would be admissible for those purposes if the declarant had testified as a witness." (emphasis added).[3]

Here, if CC-1 were to testify at trial, the defense would be able to elicit that he was 15 at the time of his online interactions with Melzer, was never a paratrooper, and was never injured during combat. This evidence would plainly constitute a basis to attack his credibility since it would directly contradict his claims to the contrary in the chats. Since CC-1 will not be called as a witness at trial, the defense intends to ask the government's case agent to confirm that the government's investigation has revealed that CC-1 was in fact 15 years old. This is a plainly permissible manner of eliciting the evidence.

The Seventh Circuit's decision in *United States v. Burton*, 937 F.2d 324, 329 (7th Cir. 1991), is instructive on this point. There, the district court had admitted recordings of incriminating conversations between a non-testifying cooperating source (Willis) and the defendants. The defendants argued that, under Rule 806, they were permitted to impeach Willis's credibility "indirectly through cross-examination of" the government's agent concerning Willis's "criminal background." *Id.* at 328. The district court denied the defendants' request. On appeal, the Seventh Circuit found that the district court had abused its discretion in disallowing the agent's cross-examination, *id.* at 329, and that defense counsel had "read [Rule 806] correctly, for it allows one to impeach the credibility of a non-testifying [] declarant by any evidence that would be admissible had the declarant testified." *Id.* at 328; *see also id.* ("Rule 806 in effect allows the impeachment of a non-testifying hearsay

---

[3] Rule 806 provides in full: "When a hearsay statement—or a statement described in Rule 801(d)(2)(C), (D), or (E)—has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination."

4

Hon. Gregory H. Woods  
United States District Judge

June 21, 2022  
Page 5 of 6

Re: United States v. Ethan Melzer  
S1 20 Cr. 314 (GHW)

declarant by the elicitation of statements from a testifying witness. On its face, the rule applies in the situation presented here, where the defendant seeks to attack the credibility of the declarant by having a third person recite declarant's criminal record.").[4]

Likewise, here, under Rule 806, defense counsel should be permitted to elicit from the government's agent that the government's investigation revealed that CC-1 was 15 years old at the time he communicated with Melzer.

Alternatively, the Court should admit the government's statements in its September 17, 2020 *Brady* disclosure and its June 24, 2021 court filing as an opposing party's statements under Rule 801(d)(2). *See generally United States v. GAF Corp.*, 928 F.2d 1253, 1258–62 (2d Cir. 1991). Moreover, the Government expressly stated in its *Brady* disclosure that it "believes" that CC-1 is 15 years old. Thus, that statement of belief is not hearsay. *See, e.g.*, *United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004) (noting that Rule 801(d)(2)(B) "provides that a statement of which a party has manifested an adoption or belief in its truth is not hearsay," and that this provision has been applied "against the government in criminal cases") (internal quotation marks and citations omitted). Or the Government should stipulate—or this Court should take judicial notice, *see* Fed. R. Evid. 201(b)(2)—that CC-1 was a 15-year-old Canadian national at the time of his chats.

No matter how this evidence comes in, however, the government should stand by its representations in its *Brady* disclosure and its statements to this Court, which have only been further confirmed in the time since they were made. The government should not be permitted to introduce highly prejudicial statements from CC-1 that it knows to be untrue through a plainly unreliable declarant that the defense has no opportunity to cross-examine. *See, e.g., Napue v. Illinois,* 360 U.S. 264, 269 (1959) ("The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness."); *United States v. Valentine,* 820 F.2d 565, 570–71

---

[4] The Court ultimately declined to reverse defendants' convictions on harmless-error grounds.

Hon. Gregory H. Woods  June 21, 2022
United States District Judge  Page 6 of 6

Re:  United States v. Ethan Melzer
     S1 20 Cr. 314 (GHW)

(2d Cir. 1987) (recognizing that due process prohibits a prosecutor from knowingly using "false evidence," including by "either explicitly or implicitly" mischaracterizing evidence, and ordering new trial where prosecutor mispresented evidence); *United States v. Nejad*, 487 F. Supp. 3d 206, 207 (S.D.N.Y. 2020) ("[F]ederal prosecutors, like all parties that appear before the Court, have ethical duties of candor."); *Hayes v. Brown*, 399 F.3d 972, 981 (9th Cir. 2005) ("Due process protects defendants against the knowing use of any false evidence by the State, whether it be by document, testimony, or any other form of admissible evidence.") (citations omitted). The jury simply cannot be left with the mistaken impression that CC-1 is a former paratrooper when the government knows it to be false.

—

For these reasons, the Court should admit evidence that CC-1 was 15 years old at the time he communicated with Melzer.

New York, New York
June 21, 2022

Respectfully submitted,

/s/ _____
Jonathan Marvinny
Hannah McCrea
Ariel Werner
Assistant Federal Defenders
212.417.8700
jonathan_marvinny@fd.org

cc:  Government counsel

# EXHIBIT A





# Extraction Report - Apple iOS GrayKey

## Participants

   1219277995
             GvlagKvlt

   857081374
             Etil Reggad (owner)

## Conversation - Instant Messages (10)

> **857081374 Etil Reggad**
> Also for question number 30. Yea I'm in the fucking army 173rd 503rd
> 4/21/2020 9:14:16 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E772A (Table: t7, t2, Size: 15925248 bytes)

> **1219277995 GvlagKvlt**
> That'll help me dose it right for you, my decision will be right
> 4/21/2020 9:14:21 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E7685 (Table: t7, t2, Size: 15925248 bytes)

> **857081374 Etil Reggad**
> I believe I've talked to you before actually
> 4/21/2020 9:14:31 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E75DD (Table: t7, t2, Size: 15925248 bytes)

> **1219277995 GvlagKvlt**
> I was CAF, R22R 3rd battalion jump company
> 4/21/2020 9:14:39 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E7529 (Table: t7, t2, Size: 15925248 bytes)

GOVERNMENT EXHIBIT 281
20 Cr. 314 (GHW)

1

> **857081374 Etil Reggad**
> You were a paratrooper too
> 4/21/2020 9:14:45 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E7495 (Table: t7, t2, Size: 15925248 bytes)

> **1219277995 GvlagKvlt**
> I got shot up falling from a plane in iraq kek
> 4/21/2020 9:14:53 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E7402 (Table: t7, t2, Size: 15925248 bytes)

> **857081374 Etil Reggad**
> Top kek
> 4/21/2020 9:15:08 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E7381 (Table: t7, t2, Size: 15925248 bytes)

> **857081374 Etil Reggad**
> We're on fucking lockdown so we can't even jump rn
> 4/21/2020 9:15:22 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E8D68 (Table: t7, t2, Size: 15925248 bytes)

> **1219277995 GvlagKvlt**
> CADPAT is better than any american camo tho
> 4/21/2020 9:15:28 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E8CD8 (Table: t7, t2, Size: 15925248 bytes)

> **1219277995 GvlagKvlt**
> RIP
> 4/21/2020 9:15:32 AM(UTC+2)

Source Info:
00008030-000344811AD1802E_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/8E2B6D5A-DCF5-43C1-A93F-09A9D2BDF8AB/telegram-data/account-14256679229049001387/postbox/db/db_sqlite : 0x1E8C4B (Table: t7, t2, Size: 15925248 bytes)

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2020

**BY EMAIL**
Jennifer Elaine Willis, Esq.
Jonathan Marvinny, Esq.
Federal Defenders of New York
52 Duane Street
New York, NY 10007
Phone: (212)-417-8743
Email: jennifer_willis@fd.org

Re:   *United States v. Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Counsel:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.[1]

### Disclosure by the Government

Based on your request for discovery in this case, I have enclosed the following materials, which are stamped with control numbers USAO_004202 through USAO_005495. This letter and the accompanying production are subject to the protective order entered by the Court on June 27, 2020 and designated Protected Material.

| Bates (USAO) | Description |
|---|---|
| 004202-004230 | Chat Records and Reports |
| 004231-004441 | Witness Interviews, Reports, and Notes |
| 004442-004467 | MCC Records and Calls |
| 004468-004469 | U.S. Military Records |
| 004470-004587 | SnapChat Returns |
| 004588-004595 | Subpoena Returns (Discord, Oath, Google) |
| 004596-005495 | CC-1, a/k/a "Sinistrous" Investigative Reports, Chat Records, Photographs, Videos, Subpoena Returns |

---

[1] In addition to information provided herein, please note that this Office periodically posts content on social media platforms including Twitter, Facebook and YouTube. Members of the public may post comments in response to the Office's postings. We do not control these user-generated comments, nor do we monitor or regularly review such comments. You may directly access these social media platforms in the event you believe someone may have posted information relevant to this case.

06.20.2018

The Government believes that co-conspirator "Sinistrous," who is identified as CC-1 in the complaint, and described in, among other disclosed materials, Bates ranges USAO_004596-005495, is ███████, a 15-year-old Canadian national residing in Canada. Further, as described and allegedly pictured in Bates numbers USAO_004878-004890 and USAO_005010-005019, ███ claimed to have been arrested in January 2020. The Government believes that in connection with this arrest, he was detained in a mental health facility at a hospital.

The password to access the materials on the drive is ███████████.

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light.

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

**Disclosure By the Defendant**

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

Pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure, the Government hereby demands written notice if the defendant intends to offer a defense of alibi.

We also wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged. The Government requests a response to our Rule 12.2 demand within the time period allowed by the Court for the filing of motions.

06.20.2018

**Sentence Reduction for Acceptance of Responsibility**

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request. Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer" or a "plea offer," as those terms are used in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

Very truly yours,

AUDREY STRAUSS
Acting United States Attorney

by: /s/
Sam Adelsberg
Matthew Hellman
Sidhardha Kamaraju
Assistant United States Attorneys
(212) 637-2494 / 2278 / 6523

06.20.2018